# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**JAMES "JESSE" CANTERBURY, III, and**
**AMY CANTERBURY,**

    **Plaintiffs,**

v.                                                                  CIVIL ACTION NO: 2:25-cv-00650
                                                             Judge:

**CARL JOHNSON JOHNSON, LLC,**
**JAILHOUSE ENTERPRISES, LLC, and**
**RJ RECYCLING, LLC**

    **Defendants.**

## COMPLAINT

COMES NOW, the Plaintiffs, Jesse Canterbury, III and Amy Canterbury, and for their *Complaint* against Defendants hereby allege as follows:

## PARTIES

1. Plaintiffs, Jesse Canterbury, III and Amy Canterbury, at all times relevant, are and were residents and citizens of Walker, Wood County, West Virginia. Plaintiff Jesse Canterbury, III was injured on June 26, 2024, while acting in the course of his employment with Defendant Carl Johnson Johnson, LLC, in Parkersburg, Wood County, West Virginia.

2. Defendant Carl Johnson Johnson, LLC ("Carl Johnson Johnson"), at all times relevant, is and was an Ohio limited liability company with its principal office address located in Marietta, Ohio. At all times relevant, Plaintiff Jesse Canterbury, III was employed by Defendant Carl Johnson Johnson, LLC as a mechanic trainee and performing work in West Virginia, specifically on the premises of the Big Sandy Superstore located in Parkersburg, Wood County, West Virginia. As such, as Mr. Canterbury's employer, Defendant Carl Johnson Johnson is, and

at all times relevant herein was, subject to the jurisdiction of the federal Occupational Safety and Health Administration (hereinafter "OSHA") and was responsible for compliance with all applicable OSHA rules and regulations for workplace safety; West Virginia workplace safety rules and regulations; and commonly accepted and well-known industry safety standards.

3.  Defendant Jailhouse Enterprises, LLC ("Jailhouse Enterprises"), at all times relevant, is and was an Ohio limited liability company with its principal office address located in Marietta, Ohio. At all times relevant, Defendant Jailhouse Enterprises is and was an onsite truck fleet service and mobile mechanic company. Defendant Jailhouse Enterprises is a related entity, through common ownership, to Defendant Carl Johnson Johnson, and conducted and performed work in West Virginia. As such, Defendant Jailhouse Enterprises is, and at all times relevant herein was, subject to the jurisdiction of the federal Occupational Safety and Health Administration (hereinafter "OSHA") and was responsible for compliance with all applicable OSHA rules and regulations for workplace safety; West Virginia workplace safety rules and regulations; and commonly accepted and well-known industry safety standards.

4.  Defendant RJ Recycling, LLC ("RJ Recycling"), at all times relevant, is and was an Ohio limited liability company with its principal office located in Fairlawn, Ohio. At all times relevant, Defendant RJ Recycling was a scrap metal recycling business that operated two processing facilities in West Virginia, including one located in Parkersburg, Wood County, West Virginia, as well as an interstate motor carrier operating under USDOT No. 1124299. As such, Defendant RJ Recycling is, and at all times relevant herein was, subject to the jurisdiction of the federal Occupational Safety and Health Administration (hereinafter "OSHA") and U.S. DOT, and was responsible for compliance with all applicable OSHA/DOT rules and regulations for

workplace safety; West Virginia workplace safety rules and regulations; and commonly accepted and well-known industry safety standards.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are appropriate in the United States District Court for the Southern District of West Virginia, Charleston Division pursuant to 28 U.S.C. § 1332 because (1) all of the Defendants conduct business in this district in Wood County, West Virginia; (2) the Plaintiffs claim that the damages in this case are worth more than $75,000.00; (3) the claims giving rise to this cause of action occurred in Parkersburg, Wood County West Virginia; and (4) there is complete diversity among the parties.

## FACTS

6. At all times relevant, plaintiff, Jesse Canterbury was employed by defendant Carl Johnson Johnson as a mechanic trainee. Defendant Carl Johnson Johnson is owned by CJ Varney and regularly performs work in both West Virginia and Ohio, including Wood County, West Virginia. The following is plaintiff Jesse Canterbury's paystub covering the pay period in which the subject incident on June 26, 2024, occurred:

```
Carl Johnson Johnson
220 Gilman Avenue
Suite 3
OH 45750



        James J Canterbury III
        107 Devaughn Road
        Walker, WV 26180
```

| Employee Pay Stub | Check number: | Pay Period: 06/24/2024 - 06/30/2024 | Pay Date: 07/04/2024 |

7. Prior to June 26, 2024, plaintiff Jesse Canterbury had been employed with defendant, Carl Johnson Johnson for approximately four (4) months. During this time, Mr. Canterbury worked, in his estimate, 90% to 95% of the time in West Virginia.

8. At all times relevant, defendant Carl Johnson Johnson, as a limited liability company regularly employing other persons, including the plaintiff, for the purpose of carrying on any form of industry, service or business in West Virginia, is and was statutorily required to maintain current West Virginia workers' compensation coverage for its employees, including the plaintiff, pursuant to W. Va. Code 23-2-1(a) and W. Va. CSR 85-8-4.1.

9. Despite employing persons such as the plaintiff to perform work in West Virginia on a regular basis, defendant Carl Johnson Johnson failed to obtain and/or maintain current West Virginia workers' compensation coverage for its employees, including the plaintiff, in direct violation of West Virginia law, as set forth in the West Virginia Code (23-2-1(a)) and West Virginia Insurance Regulations.

10. At all times relevant, CJ Varney, in addition to defendant, Carl Johnson Johnson, also owned and operated defendant, Jailhouse Enterprises. Defendant Jailhouse Enterprises, at all times relevant, was a truck fleet service and mobile mechanic business that provided repairs and service onsite for customers. One of defendant Jailhouse Enterprises' customers was defendant, RJ Recycling, which operated a recycling center located at 1800 Garfield Ave., Parkersburg, West Virginia 26101.

11. One of plaintiff Jesse Canterbury's primary job duties as a mechanic in training for defendant Carl Johnson Johnson was to service delivery trucks for Big Sandy Furniture in Parkersburg, West Virginia. These trucks would be parked in the lot at Big Sandy Furniture located at 1600 Garfield Ave., Parkersburg, West Virginia 26101. Mr. Canterbury typically only

performed preventative maintenance on the trucks, as he was inexperienced and green as a mechanic at the time. At times when Mr. Canterbury was not very busy, two (2) other mechanics, Joey Lipscomb and Mike Hill, both employees of Jailhouse Enterprises, would help train plaintiff on other more complex tasks.

12. On and/or prior to June 26, 2024, defendant RJ Recycling hired, selected, and retained defendant Jailhouse Enterprises, through a contract and/or agreement, to remove and replace the kingpins from one of RJ Recycling's roll of trucks ("subject truck").

13. A kingpin is a large steel pin that is a critical part of the truck's front axle steering mechanism. Its function is to act as a pivot point for the wheels allowing them to turn left and right and to support the weight on the front axle and help maintain proper wheel alignment, ensuring stable and safe handling of the truck. A kingpin is a vital safety component, and regular inspection and maintenance (especially lubrication) are crucial to prevent wear and catastrophic failure. The subject truck had two (2) kingpins, one on the driver's side and one on the passenger's side.

14. The task of removing a king pin from a roll-off truck is a difficult and complex process that takes several hours. To perform this task safely, a specialized tool is required referred to as a heavy-duty king pin pres. The immense force required to push out the pin makes using a sledgehammer and/or a socket not only less effective, but potentially dangerous as it can result in projectiles, as parts of the tools and/or truck break off. King pins are often seized in place due to years of rust, dirt, and heavy use. A dedicated specialized king pin press applies controlled, sustained force, making the job a single-person task that can be completed in minutes rather than a full day of labor.

15. On and prior to June 26, 2024, neither defendant Jailhouse Enterprises nor Carl Johnson Johnson had a king pin press for its employees to use despite employees making multiple requests to CJ Varney, owner and president, to purchase one.

16. On June 26, 2024, Joey Lipscomb, a supervisor and mechanic for defendant Jailhouse Enterprises, obtained permission from defendant RJ Recycling, to bring the subject truck down to the parking lot at Big Sandy Furniture (1600 Garfield Ave., Parkersburg, WV) to work on the king pin. The subject truck had been placed out of service by RJ Recycling because the front end was not stable due to the king pin being worn out.

17. On June 26, 2024, plaintiff Jesse Canterbury, was working at the Big Sandy lot in the normal course of his employment for defendant Carl Johnson Johnson. Joey Lipscomb obtained permission from his supervisor (Brad) at Jailhouse Enterprises to train plaintiff and have him assist with the removal of the king pin from the subject truck. Mike Hill, another mechanic for Jailhouse Enterprises, was also present. As such, Plaintiff Jesse Canterbury was working under the direction and control of employees of Jailhouse Enterprises at the time of the subject incident.

18. Since defendants Jailhouse Enterprises and Carl Johnsoin Johnson had not purchased a king pin press, the workers were left to try to the remove the king pin with a sledgehammer and socket creating an unsafe working environment. Each worker took turns beating on the pin without success.

19. Defendant RJ Recycling had also failed to maintain the subject truck, allowing the king pin to deteriorate to such a degree as to become seized in place due to years of rust, dirt, corrosion, and heavy use. Defendant RJ Recycling should have had the king pin replaced in the subject truck significantly sooner. This also created an unsafe working environment for the plaintiff and his co-workers on June 26, 2024.

20. On June 26, 2024, while one of the other mechanics employed by Jailhouse Enterprises was attempting to remove the kingpin by beating on it with a socket and sledgehammer, a piece of metal from the socket broke off and flew directly into plaintiff Jesse Canterbury's right dominant eye resulting in the loss of his dominant eye. Plaintiff was rushed to Camden Clark Medical Center, then transferred by ambulance to CAMC in Charleston, and was finally transferred again to Ruby Memorial Hospital in Morgantown where after multiple surgeries to save the eye, it eventually had to be fully removed and closed on or about July 2, 2024. Plaintiff suffered a complete loss of vision out of his right eye.

21. No job safety analysis ("JSA") or hazard assessment was performed for this task of removing the king pin. Plaintiff Jesse Canterbury was not provided with personal protective equipment, including eye protection, to prevent injuries to his eyes, given the risk of potential projectiles in relation to performing this unique task without proper equipment.

22. As a direct and proximate result of the actions, omissions, and conduct of the Defendants on June 26, 2024, Plaintiff Jesse Canterbury, III sustained serious and permanently disabling injuries described herein, and he has further sustained the following past, present, and future damages:

    a. Extreme physical pain and suffering;

    b. Extreme mental anguish and suffering;

    c. Permanent physical and psychological impairment;

    d. Loss of wages and benefits;

    e. Loss of future earning capacity and benefits;

    f. Loss of capacity to enjoy life;

    g. Medical expenses past and future;

    h.   Permanent scarring, disfigurement, and loss of bodily function (vision); and

    i.   Annoyance and inconvenience.

## COUNT I
### NEGLIGENCE AND UNSAFE WORKPLACE
### DEFENDANT CARL JOHNSON JOHNSON, LLC.

23.    The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 22 of this Complaint as if set forth herein verbatim.

24.    Mr. Jesse Canterbury, III never entered into any agreement with Defendant Carl Johnson Johnson to waive his right to West Virginia workers' compensation because Defendant did not hold West Virginia workers' compensation coverage at the time of Mr. Canterbury's incident on June 26, 2024.

25.    As a result of Carl Johnson Johnson LLC's failure to carry West Virginia workers' compensation coverage on June 26, 2024, in direct violation of mandatory and statutory requirements under West Virginia law, defendant Carl Johnson Johnson is stripped of any and all immunities and defenses, both statutory and common law, afforded to those employers in good standing with the West Virginia Workers' Compensation Division and Office of the Insurance Commissioner.

26.    West Virginia Code 23-2-8 provides:

> All employers required by this chapter to subscribe to and pay premiums into the workers' compensation fund, except the State of West Virginia, the governmental agencies or departments created by it, and municipalities and political subdivisions of the state, and who do not subscribe to and pay premiums into the workers' compensation fund as required by this chapter and have not elected to pay individually and directly or from benefit funds compensation and expenses to injured employees or fatally injured employees' dependents under the provisions of section nine of this article, or having so subscribed or elected, shall be in default in the payment of same, ***or not having otherwise fully complied with the provisions of section five or section nine of this article, shall be liable to their***

> *employees (within the meaning of this article) for all damages suffered by reason of personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees while acting within the scope of their employment and in the course of their employment and also to the personal representatives of such employees where death results from such personal injuries, and in any action by any such employee or personal representative thereof, such defendant shall not avail himself of the following common-law defenses: The defense of the fellow-servant rule; the defense of the assumption of risk; or the defense of contributory negligence; and further shall not avail himself of any defense that the negligence in question was that of someone whose duties are prescribed by statute.*

27. "All defaulting employers are subject to common law tort suits by employees and, in addition, such employers lose the common law defenses of the fellow-servant rule, assumption of risk and contributory negligence. W.Va. Code § 23-2-8 (1988). No employer or employee may become exempt from the West Virginia workers' compensation law by any contract, agreement, rule or regulation. W.Va. Code § 23-2-7 (1988)." New Neighborhoods, Inc., v. West Virginia Workers Compensation Fund, 886 F.2d 714 (C.A.4 W.Va. 1989).

28. The West Virginia Supreme Court of Appeals in Erie Ins. Property and Cas. Co. v. Stage Show Pizza, JTS, Inc., 553 S.E.2d 257 (W.Va.,2001), held as follows in regard to an employer who was in default with regard to paying premiums to the West Virginia Workers' Compensation Division:

> If an employer fails to pay premiums or otherwise comply with certain workers' compensation regulations, under W.Va. Code, 23-2-6 [1991] the employer can lose its statutory immunity. As an additional incentive to encourage compliance with the Workers' Compensation Act, W.Va. Code, 23-2-8 [1991] holds that an employer in default of its obligations under the Act may not only be subjected to a suit for damages resulting from the employer's negligence, but may also be prohibited from exercising certain common-law defenses.

Erie, 553 S.E.2d at 263-64.

29. The West Virginia Supreme Court of Appeals has held that when an employer has been declared to be in default of its obligations by the Workers' Compensation Division, that declaration is binding upon trial courts. As the Court in Syllabus Point 2 of State ex rel. Frazier v. Hrko, 510 S.E.2d 486 (W. Va. 1998):

> Under W.Va. Code, 23-2-5(d) [1986], in the absence of a final ruling by the Workers' Compensation Commissioner, a trial court may find an employer in default under the Workers' Compensation Act. **However, if the Commissioner has made a final ruling that an employer is in default, then the Commissioner's ruling is binding upon a trial court.** The Commissioner's ruling may not be collaterally attacked in a subsequent proceeding considering the same issue, and the employer's proper remedy is to seek review of the ruling through the appellate process established by W.Va. Code, 23-2-17 [1990].

Frazier, 510 S.E.2d 486, Syl. Pt. 2.

30. Given that defendant Carl Johnson Johnson failed to carry West Virginia workers' compensation coverage pursuant to the West Virginia Workers' Compensation Act, plaintiff is expressly permitted under West Virginia law to bring this common law negligence count against defendant Carl Johnson Johnson, as it is not entitled to any of the immunities of defenses afforded to employers in good standing with the West Virginia Workers' Compensation Division and Office of the Insurance Commissioner.

31. At all times relevant hereto, defendant Carl Johnson Johnson, employed plaintiff as a mechanic in training, including performing simple preventative maintenance tasks for defendant's customers. This includes working at the subject worksite on Big Sandy Furniture's lot where plaintiff was injured on June 26, 2024. As such, pursuant to applicable OSHA regulations, industry safety standards, and common law, defendant Carl Johnson Johnson, as plaintiff's

employer, was directly responsible for the safety, supervision, and training of any and all of its employees, including the plaintiff.

32. Defendant Carl Johnson Johnson, as plaintiff's employer, had a non-delegable duty to provide plaintiff Jesse Canterbury, III with a safe work environment, proper safety training, proper personal protective equipment, proper equipment to perform assigned tasks, and to provide for the exercise of ordinary care for the safety of all persons on the worksite on June 26, 2024. This also includes defendant Carl Johnson Johnson's duty to ensure that JSA's and/or hazard assessments are conducted to ensure that applicable safe work procedures and relevant hazards are documented, addressed, and discussed among the crew.

33. On and before June 26, 2024, defendant Carl Johnson Johnson, LLC negligently, recklessly, willfully, and with wanton disregard breached its common law, regulatory, and statutory duties to provide plaintiff and others with a reasonably safe place to work through the following actions and conduct:

- Failure to provide plaintiff and the other workers with proper equipment, in the form of a specialized king pin press, to perform the assigned task to remove the king pin on the subject truck;

- Failure to provide and/or require the use of proper PPE, in the form of eye protection, when workers, including plaintiff, are performing tasks, such a removing a king pin, that present a risk of dangerous projectiles going into the eye;

- Failure to provide plaintiff with adequate safety training to perform his assigned task;

- Failure to ensure that JSA's and/or hazard assessments were conducted to identify relevant hazards and document safe work procedures;

- Failure to provide plaintiff with adequate supervision during training when performing a unique task; and

- Failure to comply with applicable OSHA safety regulations and industry safety standards.

34. As a direct and proximate result of defendant Carl Johnson Johnson, LLC's actions and conduct, on and prior to June 26, 2024, plaintiff sustained severe and permanent injuries and damages as described herein.

**COUNT II**
**NEGLIGENCE**
**DEFENDANT JAILHOUSE ENTERPRISES, LLC.**

35. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 34 of this Complaint as if set forth herein verbatim.

36. As the entity supervising, managing, controlling, and directing the work and job task of removing the king pin on the subject truck on June 26, 2024, and as the entity with the contract and agreement with defendant RJ Recycling to perform the repairs on the subject truck, defendant Jailhouse Enterprises, LLC is a controlling, correcting and/or creating employer under OSHA's multi-employer worksite policy. Moreover, as an entity that voluntarily provided supervision, oversight, management, training, and other support services to plaintiff Jesse Canterbury, an employee of Carl Johnson Johnson, on June 26, 2024, defendant Jailhouse Enterprises, LLC undertook and owed a duty of reasonable and ordinary care to provide Jesse Canterbury, III a safe workplace and work environment in compliance with applicable federal and state laws, common law, OSHA regulations, and commonly accepted and well-known consensus industry safety standards.

37. Defendant Jailhouse Enterprises, LLC negligently, recklessly, willfully, and with wanton disregard of work safety breached its duties owed to plaintiff Jesse Canterbury, through the following:

- Failure to provide plaintiff and the other workers with proper equipment, in the form of a specialized king pin press, to perform the assigned task to remove the king pin on the subject truck;

- Failure to provide and/or require the use of proper PPE, in the form of eye protection, when workers, including plaintiff, are performing tasks, such a removing a king pin, that present a risk of dangerous projectiles going into the eye;

- Failure to provide plaintiff with adequate safety training to perform his assigned task;

- Failure to ensure that JSA's and/or hazard assessments were conducted to identify relevant hazards and document safe work procedures;

- Failure to provide plaintiff with adequate supervision during training when performing a unique task;

- Failure to comply with applicable OSHA safety regulations and industry safety standards; and

- Failure to act as a reasonable and prudent fleet mechanic company.

38. As a direct and proximate result of defendant Jailhouse Enterprises LLC's actions and conduct, on and prior to June 26, 2024, plaintiff sustained severe and permanent injuries and damages as described herein.

## COUNT III
## NEGLIGENCE
## DEFENDANT RJ RECYCLING, LLC.

39. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 38 of this Complaint as if set forth herein verbatim.

40. As the entity that owned, operated, and maintained the subject truck, and the entity that retained, selected, and/or hired Jailhouse Enterprises to remove and replace the king pin on June 26, 2024, defendant RJ Recycling, LLC is a correcting and/or creating employer under OSHA's multi-employer worksite policy. As such, defendant RJ Recycling undertook and owed a duty of reasonable and ordinary care to Jailhouse Enterprises and all persons, including the plaintiff, who would be working on the subject truck, to provide the subject truck in a condition where the requested work could be safely performed under reasonable conditions.

41. Defendant RJ Recycling, LLC negligently, recklessly, willfully, and with wanton disregard of work safety breached its duties owed to plaintiff Jesse Canterbury, through the following:

- Failure to provide the subject truck and king pin in a reasonable condition where the king pin could be safely removed;

- Failure to maintain the subject truck, and specifically the king pin, in a reasonable condition where the king pin could be safely removed;

- Failure to have the king pin replaced sooner, as it was significantly corroded, rusted, and worn out causing it be stuck where it could not reasonably be removed in a safe manner;

14

- Failure to warn Jailhouse Enterprises and the plaintiff that the subject truck and its king pin was not maintained and presented a potential safety hazard when attempting to remove it;

- Failure to comply with applicable OSHA safety regulations and industry safety standards; and

- Failure to act as a reasonable and prudent federal motor carrier in maintaining its equipment.

42. As a direct and proximate result of defendant RJ Recycling LLC's actions and conduct, on and prior to June 26, 2024, plaintiff sustained severe and permanent injuries and damages as described herein.

### COUNT VII
### LOSS OF CONSORTIUM
### ALL DEFENDANTS

43. The plaintiffs repeat and incorporate here by reference the allegations contained in paragraphs 1 through 42 of this Complaint as if set forth herein verbatim.

44. As a further direct and proximate result of the conduct and actions of the defendants as described herein, the plaintiff, Amy Canterbury, has been deprived of the loss of society, companionship, and consortium of her husband, Jesse Canterbury, III.

**WHEREFORE**, the Plaintiffs Jesse Canterbury, III and Amy Canterbury demand judgement against the Defendants for:

    a. An amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

    b. An amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

    c. Costs and attorney fees expended in prosecution of this matter;

    d. Pre-judgement and post-judgement interest as provided under the law; and

    e. Any and all other relief to which the Court deems Plaintiffs are entitled.

**PLAINTIFFS DEMAND A JURY TRIAL.**

                                                **JESSE CANTERBURY, III, and
AMY CANTERBURY,**
By Counsel,

*/s/ J. Ryan Stewart*
J. Ryan Stewart (WVSB #10796)
Jayson T. Hamrick (WVSB #13623)
BAILEY, JAVINS & CARTER, L.C.
213 Hale Street
Charleston, WV 25301
Phone: (304) 345-0346
Fax: (304) 345-0375
rstewart@bjc4u.com
jhamrick@bjc4u.com
*Counsel for Plaintiffs*